**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GREG HAPP,** | ) |
| | ) |
| **Plaintiff,** | )        **2:05-cv-419** |
| **v.** | ) |
| | ) |
| **NORFOLK SOUTHERN RAILWAY** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court for consideration and disposition is Defendant's MOTION FOR

SUMMARY JUDGMENT *(Document No. 20)*.  Plaintiff Greg Happ ("Happ") asserts a personal

injury claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51.  After a

thorough review of Defendant's Brief in Support of Its Motion for Summary Judgment

*(Document No. 21)*, Plaintiff's Brief in Opposition *(Document No. 30)*, the appendices attached

thereto and relevant legal authorities, the Court concludes that the motion will be DENIED.

**BACKGROUND**

Happ was injured on May 22, 2004 at the Conway Yard while throwing the 18 pull-out

switch in the course of his duties as a conductor.  Plaintiff testified that he hurt his back when the

switch "got stuck" or "hung up."  It was raining hard at the time of the incident.  Plaintiff also

testified that he had no idea what happened to the switch to cause his injury.  Both before and

after this incident, other workers operated the same switch without any problems.  There is no

evidence that Norfolk Southern Railway Company ("Norfolk Southern") had been notified of any

problems with this particular switch.  Norfolk Southern inspects all switches every thirty days

and the 18 pull-out switch had been recently inspected.  However, plaintiff has introduced testimony to the effect that various employees had experienced that switches are sometimes sporadically "hard to throw" and had reported such difficulties to the yardmaster.  Plaintiff has also introduced testimony that all switches require greasing and proper maintenance.

### STANDARD OF REVIEW

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986).  The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion.  *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249).  Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion.  *Id*. (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

In the FELA context, the threshold for granting summary judgment is more stringent.  In *Pehowic v. Erie Lackawanna Railroad Co.*, 430 F.2d 697, 700 (3d Cir. 1970), the Third Circuit adopted a "zero probability" standard.  As the Court explained, under FELA an employer is liable if the injury was caused in whole or in part by the employer's negligence. *Id*. at 699.  The test of

2

a jury case is whether the proofs justify a conclusion that the employer's negligence "played any

part, even the slightest," in producing the injury.  *Id.*  The Court further explained that it does not

matter that the jury, on grounds of probability, could attribute the result to other causes.  *Id.*

FELA is given a liberal construction that emphasizes the role of the jury.  *Id.*  Thus, "a trial court

is justified in withdrawing such issues from the jury's consideration only in those extremely rare

instances where there is a zero probability either of employer negligence or that any such

negligence contributed to the injury of an employee."  *Id.* at 699-700.


### DISCUSSION

FELA was passed in 1908  to provide a tort compensation system for railroad workers,

who at that time suffered among the highest accident rates in United States history.  *Hines v.*

*Consolidated Rail Corp.*, 926 F.2d 262, 267 (3d Cir. 1991).  FELA does not make the employer

an insurer of workers' safety – the basis of liability is employer negligence, not the mere fact that

an injury occurred.  *Ellis v. Union Pacific Railroad*, 329 U.S. 649, 653 (1947).  Under FELA, the

plaintiff must prove the traditional common law elements of negligence (i.e., duty, breach of

duty, foreseeability, causation and damages).  *Robert v. Consolidated Rail Corp.*, 832 F.2d 3, 6

(1st Cir. 1987).  However, the standards for determining negligence, causation and foreseeability

are more lenient to the plaintiff.  *Hines*, 926 F.2d at 267-68.  Some speculation by the jury is

permissible.  *Pehowic*, 430 F.2d at 700.

Norfolk Southern relies on several cases with very similar facts.  *Spencer v. Atchison,*

*Topeka and Santa Fe Railway Co.*, 207 P.2d 126 (Cal. Ct. App. 1949), *Atlantic Coast Line*

*Railroad Co. v. Collins*, 235 F.2d 805 (4th Cir. 1956), and *Stover v. Norfolk and Western Railway*

3

*Co.*, 455 S.E.2d 238 (Va. 1995), all involved FELA claims resulting from injuries incurred while throwing switches.  In each case, the Court held that plaintiff had failed to establish the elements of a claim as a matter of law.  The Court recognizes that these cases are closely analogous. Indeed, plaintiff makes no effort to try to distinguish these cases.

Ultimately, though, the Court is not persuaded that the cases cited by Norfolk Southern are controlling, especially at this stage of the case.  Most importantly, none of these cases was governed by the *Pehowic* "zero probability" standard which this Court must follow.  Indeed, two of the cases were decided well before *Pehowic* was issued and the third case is from a Virginia state court not bound by *Pehowic*.  Further, the Court notes that in all three cases cited by Defendant, a jury trial had actually been held and the question was whether the court properly entered a directed verdict.  Thus, these cases did not address the specific concern that if a court grants summary judgment, a plaintiff would be entirely deprived of the opportunity to present his case to a jury.  In this case, the evidence, construed in the light most favorable to plaintiff, could permit the jury to conclude that Norfolk Southern was aware of sporadic problems with switches that made them hard to throw and that Norfolk Southern had not undertaken reasonable steps to protect employees from this condition.  In summary, the Court concludes that this case is not one of the "extremely rare instances" where there is a "zero probability" of employer negligence. *Pehowic*, 430 F.2d at 700.  Therefore, a genuine issue of material fact has arisen and Defendant's motion for summary judgment will be denied.

An appropriate order follows.


McVerry, J.

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREG HAPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:05-cv-419** |
| **v.** | ) | |
| | ) | |
| **NORFOLK SOUTHERN RAILWAY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER OF COURT

AND NOW, this 14th day of September, 2006, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the

Defendant's MOTION FOR SUMMARY JUDGMENT *(Document No. 20)* is **DENIED**.


BY THE COURT:


s/  Terrence F. McVerry
United States District Court Judge

5

cc:    John F. Collins, Esquire
        Email: kbarnes@cckm.com
        Joseph A. Collins, Esquire
        Email: law50413@aol.com
        Mark F. McKenna, Esquire
        Email: mmckenna@nauticom.net
        Patrick J. Donoghue
        Email: patrickcollinslaw@yahoo.com

        J. Lawson Johnston, Esquire
        Email: ljohnston@dmclaw.com
        Jeffrey J. Wetzel, Esquire
        Email: jwetzel@dmclaw.com